1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>    v.<br><br>ROBERT GENE RAND,<br>RICHARD WINSTON WEST II,<br> a/k/a Richie West,<br>CLINT MITCHELL BLOODWORTH,<br>ALAN RUSSEL MARTINEZ,<br>BRADEN KYLE RILEY,<br>RYAN DANIEL SMITH,<br>JOSHUA ROSS GREEN,<br>KATHLEEN GRIFFIN,,<br><br>                          Defendants. | Case No. 3:16-cr-00029-MMD-WGC<br><br>ORDER<br><br>(Reno Newspapers, Inc,'s Motions to<br>Intervene — ECF Nos. 179, 190) |

18      Reno Newspapers. Inc., a Nevada corporation, dba Reno Gazette-Journal

19   ("RGJ") seeks intervention to file motions asking the Court to make certain materials in

20   this criminal case public ("Motions"). (ECF Nos.179, 190.) The government opposes

21   RGJ's Motions.[1] (ECF No. 207.) Defendant Robert Rand filed a non-opposition to RGJ's

22   first motion to intervene, requesting that RGJ's motion be granted. (ECF No. 183.) The

23   Court has also reviewed RGJ's reply. (ECF No. 208.) For the reasons discussed below,

24   RGJ's Motions (ECF Nos. 179, 190) are granted.

25
26
27
28

---

[1]The government's response opposes motions to intervene docketed as ECF Nos. 179 and 180. RGJ has withdrawn the motion docketed as ECF No. 180, which sought intervention to move to unseal an affidavit, and has filed a request to intervene (ECF No. 190) to seek to unseal certain materials redacted from said affidavit. (ECF Nos. 189, 190.) For purposes of the Court's evaluation of RGJ's Motions, the arguments presented in the government's opposition apply equally to the Motions (ECF Nos. 179. 190).

While the Federal Rules of Civil Procedure explicitly allow for intervention, and describe the conditions under which a court may permit anyone to intervene, the Federal Rules of Criminal Procedure are silent on the topic. The existence of a right to intervene and the precise contours of that right are somewhat unclear. Still, district courts within the Ninth Circuit have permitted members of the media to intervene for the limited purpose of presenting arguments about public access to documents related to the trial. *See United States v. Loughner*, 807 F. Supp. 2d 828, 832 (D. Ariz. 2011); *United States v. Bundy*, No. 2:16-cr-00046-GMN-PAL, 2016 WL 3606779, at *3 (D. Nev. July 1, 2016).

The government acknowledges that the Ninth Circuit and other courts have allowed third party intervenors to challenge orders limiting access to documents. *See, e.g., Radio & Television News Ass'n v. United States District Court.,* 781 F.2d 1443, 1445 (9th Cir. 1986); *Stephens Media, LLC v. Eighth Judicial Dist. Court*, 221 P.3d 1240, 1248 (Nev. 2009) ("[T]he public and the press have the right to seek limited intervention in a criminal case to advance or argue constitutional claims concerning access to court proceedings.") The government argues, however, that the procedural question of whether RGJ has a right to intervene is dependent on the substantive question of whether they are entitled to the documents they seek. It contends that RGJ has no right to the documents they are seeking and consequently no right to intervene. (ECF No. 207 at 3-7.)

RGJ counters that its right to intervene is a separate question from its right to any material, and urges the Court to grant its Motions so that RGJ can present substantive argument about its rights to the underlying documents. (ECF No. 208 at 2-3.) Its standing to intervene, RGJ argues, stems from an injury in fact, which RGJ characterizes as the hindrance of its ability to collect and disseminate information about an ongoing criminal trial. (*Id*. at 3.)

In *Loughner*, the district court identified two reasons for allowing a media organization to intervene. First, absent clear authority stating that a third party's right to

intervene was constrained in some way, the court was hesitant to adopt the rule that would cut off news organizations from even seeking relief. 807 F.Supp.2d at 832. And second, if the court were required to evaluate the merits of the media's request in determining whether they had the right to intervene, it would ultimately be reaching the substantive question anyway. *Id.* The Court agrees with and adopts the reasoning in *Loughner.*

Therefore, RGJ's motions to intervene (ECF Nos. 179, 190) are granted. RGJ is permitted to file a motion to set aside the Protective Order issued by this Court on June 8, 2016 (ECF No. 166), and to file a motion to remove certain redactions from the Affidavit in Support of Application (ECF No. 176).

DATED THIS 26th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE