UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ROBERT GENE RAND, *et al*,<br><br>Defendants. | Case No. 3:16-cr-00029-MMD-WGC<br><br>ORDER |

This Order addresses two of the remaining three motions in limine filed by Defendant Robert Gene Rand ("Rand"). (ECF Nos. 328, 329.)[1] In particular, Rand seeks to exclude: (1) testimonies of Rand's current and former patients who had received Oxycodone prescriptions from Rand (ECF No. 328); and (2) testimonies offering opinions that Rand's alleged conduct fell below the standard of care as it relates to any prescriptions for controlled substances (ECF No. 329).[2] The government argues that Rand's motions ask for broad exclusion and should be denied at this time because the government has not proffered the claimed evidence yet. (ECF Nos. 400, 386.)

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce*

---

[1] The Court has reviewed the government's responses (ECF Nos. 400, 386) and Rand's replies (ECF No. 407, 396).

[2] Rand offers as an example a letter from Dr. David G. Greenberg to DEA Special Agent Michael Kellerman that Rand's management of the opioid prescriptions to the victim identified in count 14 fell below the standard of care. (ECF No. 329 at 2.)

*v. United States*, 469 U.S. 38, 41–42 (1984). To exclude evidence on a motion in limine, "the evidence [must be] inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Luce*, 469 U.S. at 41 n.4). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

The Court construes the government's responses to indicate that the government may not be offering the evidence that Rand seeks to exclude. Moreover, it is not clear to the Court that the disputed evidence is inadmissible on all potential grounds. Accordingly, the Court finds that a ruling on the evidentiary issues raised in Rand's motions in limine should be deferred until trial, when the Court may consider admissibility in the context of the other evidence presented.

For these reasons, Rand's two motions in limine (ECF Nos. 328, 329) are denied without prejudice.

DATED THIS 10th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE