UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00029-MMD-WGC-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROBERT GENE RAND, | |
| Defendant. | |

**I.  SUMMARY**

Robert Gene Rand, a former medical doctor who admitted to intentionally overprescribing opioids for years, is currently serving a 96-month sentence for involuntary manslaughter, 18 U.S.C. § 1112(a), and a concurrent 120-month sentence for distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), following a guilty plea, at one of the minimum-security camps contained within Federal Correctional Complex Lompoc. (ECF Nos. 668, 749 at 1, 758 at 4, 8.) Mr. Rand filed a third motion[1] seeking compassionate release (ECF No. 792), and now asks that I recuse from this case under 28 U.S.C. § 455(a).[2] (ECF No. 801 ("Motion").) This order does not address the pending motion for compassionate release, which I will address in a subsequent order. As further explained below, I decline to recuse from this case because I do not find that my impartiality can be reasonably questioned here.

///

///

---

[1] I denied Mr. Rand's first motion. (ECF No. 770.) Mr. Rand appealed that order (ECF No. 772), but later voluntarily dismissed the appeal (ECF No. 787). Mr. Rand filed a second motion for compassionate release *pro se* (ECF No. 782), but later withdrew that motion (ECF No. 786).

[2] The government filed a response. (ECF No. 802.) Mr. Rand did not file a reply, though the deadline for filing one has elapsed.

## II.     DISCUSSION

Mr. Rand asks me to recuse because my impartiality might reasonably be questioned.[3] (ECF No. 801 at 4.) I begin my review of Mr. Rand's Motion from the "general proposition" that I must participate in cases assigned to me. *Holland*, 519 F.3d at 912. And Mr. Rand is of course correct that I should recuse if my "impartiality might reasonably be questioned." *Id.*; *see also* 28 U.S.C. § 455(a). Section 455(a) requires an objective inquiry. *See Holland*, 519 F.3d at 912-14. But this objective standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation omitted).

I will deny the Motion because that is all Mr. Rand presents in it: unsubstantiated suggestions of the appearance of personal bias. *See id.* He does not present anything in his Motion that overrides the default rule that I must participate in cases assigned to me. I will briefly discuss below why I find each of the three arguments Mr. Rand presents in his Motion unpersuasive, highlighting the factual inaccuracies that form the foundation of each one.

Mr. Rand first argues that I have a personal interest in fighting drug addiction that would cause a reasonable person to question my impartiality. (ECF No. 801 at 4-5.) I concede that I have "firsthand experience with the tragic effects of drug abuse and addiction." (*Id.* at 4.) But I do not find that my experiences, as specifically pertinent to the Motion, including attempting to help my stepson, Lane Martin, deal with his addiction and mental health challenges, would cause any reasonable person to question my impartiality. Unfortunately, I am not alone in that I have family members who have struggled with addiction. Some 93,000 American families experienced the loss of a loved one from a drug overdose last year alone. *See* Josh Katz and Margot Sanger-Katz, *'It's Huge, It's Historic, It's Unheard-of': Drug Overdose Deaths Spike*, THE NEW YORK TIMES (July 14,

---

[3]Mr. Rand does not appear to accuse me of "actual bias[,]" so I will not address 28 U.S.C. § 455(b) in this order. *United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008)

2021), https://www.nytimes.com/interactive/2021/07/14/upshot/drug-overdose-deaths.html. Mr. Rand may be hard pressed to find another federal judge who does not have a family member or close friend who has struggled with addiction. Said otherwise, Mr. Rand's argument has such broad applicability that it would not cause a reasonable person to question my impartiality. And Mr. Rand's first argument is based on some incorrect facts. (ECF No. 801 at 4-5.) For example, T.M. did not die of a drug overdose, nor was he the son who ran away from home.

Mr. Rand next questions my impartiality because Ben Kieckhefer is married to Mr. Rand's co-defendant's sister. (ECF No. 801 at 5-6.) I already addressed this connection on the record in this very case—I have no relationship with either Mr. Kieckhefer or his wife outside of the context of my former law firm. (*See* ECF No. 778.) I refer Mr. Rand to that transcript for any further explanation he seeks as to why I find that his second argument would not cause a reasonable person to question my impartiality.

Mr. Rand finally questions my impartiality by pointing out that one of Mr. Rand's victims' father, Ed Yenick, was a Court Security Officer ("CSO") at the federal courthouse where I work.[4] (ECF No. 801 at 6-7.) I learned through the course of working on this case that the elder Mr. Yenick was a former CSO. I was not previously aware he is the father of one of Mr. Rand's victims. And to the extent I had any interactions with the elder Mr. Yenick while he was a CSO, my interactions did not go beyond the polite conversation I make with all the CSOs who work at the courthouse when I pass through security screening, or their duties take them through my chambers or courtroom.

I similarly have no relationship with Ms. Yenick beyond becoming aware that she is the mother of one of Mr. Rand's victims through working on this case. And I do not know whether Lane had any relationship with Ms. Yenick, or for that matter, any member of the Yenick family. To the extent Ms. Yenick commented on Lane's Facebook page, I only became aware of that when I read the Motion. In sum, any connection I have to the

---

[4] To the extent Mr. Rands implies I have additional contact with CSOs because I am now Chief Judge, he is mistaken. And I did not become Chief Judge until September 3, 2019, in any event.

Yenick family is so tenuous that it would not cause any reasonable person to question my impartiality.

Mr. Rand's Motion is objectively unreasonable, consisting of nothing more than unconvincing speculation layered over inaccurate facts. I find that no reasonable person would question my impartiality. For this reason, it is my duty to continue to preside over Mr. Rand's case and I therefore must deny the Motion.

### III.    CONCLUSION

It is therefore ordered that Mr. Rand's recusal motion (ECF No. 801) is denied.

DATED THIS 26th Day of July 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE