1
2
3                             UNITED STATES DISTRICT COURT
4                                   DISTRICT OF NEVADA
5                                          * * *
6    UNITED STATES OF AMERICA,           Case No. 3:16-cr-00029-MMD-WGC and
                                         Case No. 3:23-cv-00321-MMD
7                           Plaintiff,
                                                        ORDER
          v.
8
     ROBERT GENE RAND, *et al.*,
9
                           Defendants.
10

11   **I.   SUMMARY**

12          Robert Gene Rand, a former medical doctor who admitted to intentionally

13   overprescribing opioids without authorization for years, is currently serving a 96-month

14   sentence for involuntary manslaughter, 18 U.S.C. § 1112(a), and a concurrent 120-month

15   sentence for distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C),

16   following a guilty plea. (ECF No. 668.) Before the Court is Mr. Rand's motion to vacate,

17   set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 821 ("Motion").)[1]

18   Because none of the three grounds Mr. Rand presents in his Motion even suggest he is

19   entitled to Section 2255 relief, and as further explained below, the Court will deny the

20   Motion.

21   **II.  DISCUSSION**

22          The Court first explains why it will deny the Motion, and then why it will deny Mr.

23   Rand a certificate of appealability.

24          **A.    The Motion**

25          Mr. Rand raises three grounds in his Motion: (1) that his pertinent counsel was

26   ineffective for not telling him the correct elements of one of the crimes he pleaded guilty

27

28          [1]The government filed a response. (ECF No. 825.) While the Court permitted Mr.
     Rand to file a reply (ECF No. 823), he did not timely do so.

1    to[2] as that crime was later construed by the Supreme Court in *Ruan v. United States*, 597

2    U.S. 450 (2022); (2) similarly, the plea agreement colloquy did not tell him the correct

3    elements of the offense; and (3) he was convicted of violating a regulation, not a statute.

4    (ECF No. 821 at 5-6.) The government counters in pertinent part that the content of his

5    plea agreement and the transcript of his change of plea hearing fatally undermine Mr.

6    Rand's arguments. (ECF No. 825 at 4-6.) The Court agrees with the government.

7       A federal prisoner may seek relief under 28 U.S.C. § 2255 if: 1) "the sentence was

8    imposed in violation of the Constitution or laws of the United States;" 2) "the court was

9    without jurisdiction to impose such sentence;" 3) "the sentence was in excess of the

10   maximum authorized by law;" 4) the sentence is "otherwise subject to collateral attack."

11   28 U.S.C. § 2255(a). A petitioner seeking relief under Section 2255 "must clear a

12   significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456

13   U.S. 152, 166 (1982). The alleged error of law must be "a fundamental defect which

14   inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S.

15   333, 346 (1974) (citation omitted). Mr. Rand has not met this standard.

16       Indeed, all three grounds Mr. Rand raises in his Motion fail to show he is entitled to

17   any relief under Section 2255 because all three turn on Mr. Rand's contention that he was

18   not informed that the government would have to prove he knowingly or intentionally

19   prescribed oxycodone in an unauthorized manner before he pleaded guilty. But his plea

20   agreement and transcript of his change of plea hearing demonstrate this contention is

21   false. To start, Mr. Rand's plea agreement provided in pertinent part that he acted with the

22   intent to distribute oxycodone not for a legitimate medical purpose and outside the usual

23   course of professional practice. (ECF No. 592 at 5.)

24   ///

25   ///

26

27       [2]Mr. Rand does not appear to challenge his guilty plea for involuntary

28   manslaughter. (*Compare* ECF No. 821 at 2 (mentioning his involuntary manslaughter conviction) *with id.* at 5-7 (directing all three grounds at his conviction for distribution of controlled substances).)

1   And the transcript of Mr. Rand's change of plea hearing shows his counsel informed

2   him of this term, and he understood it, when he chose to plead guilty. Mr. Rand told the

3   Court he reviewed and discussed the plea agreement with his counsel before signing it.

4   (ECF No. 599 at 30.) Mr. Rand also told the Court his counsel had explained the terms of

5   the plea agreement to him, and he understood them. (*Id.* at 31.) Mr. Rand later restated

6   that he had no questions about the meaning of any terms in his plea agreement, and that

7   he fully understood it. (*Id.* at 43.) What's more, the Court canvassed Mr. Rand as to the

8   elements of distribution of a controlled substance by a doctor that the government must

9   establish, including in most pertinent part:

10

11                                                                          —25—

12

13   03:09:28   1          Third, you acted with the intent to distribute

14   03:09:31   2   oxycodone not for a legitimate medical purpose, and outside

15   03:09:35   3   the usual course of professional practice.  In other words,

16   03:09:38   4   you were not acting as a medical professional.  You were

17   03:09:41   5   pushing drugs.

18   03:09:42   6          Those are the three essential elements.

19   03:09:44   7          Do you understand that by pleading guilty you are

20   03:09:48   8   admitting those three essential elements are true as they

21   03:09:50   9   apply to you?

22   03:09:52   10          DEFENDANT RAND:  I do, Your Honor.

23   03:09:53   11          THE COURT:  Do you understand that if you don't

24   03:09:55   12   plead guilty and the case goes to trial on the Superseding

25   03:09:57   13   Information, it's the government's burden to prove those three

26   03:10:00   14   elements are true?

27   03:10:01   15          DEFENDANT RAND:  I understand.

28

3

1   (*Id.* at 25.) Thus, Mr. Rand's plea agreement and guilty plea colloquy explicitly established

2   that Mr. Rand intentionally prescribed oxycodone in an unauthorized manner—indeed,

3   that he knew he was pushing drugs.[3]

4       Mr. Rand's arguments in his Motion are accordingly unpersuasive, and the Court

5   will deny it.

6       **B.    Certificate of Appealability**

7       Before Mr. Rand can appeal the Court's decision to deny his Motion, he must obtain

8   a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir.

9   R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive

10  such a certificate, a petitioner must make "'a substantial showing of the denial of a

11  constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d

12  at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that

13  reasonable jurists would find the district court's assessment of the constitutional claims

14  debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines

15  that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court

16  will deny a certificate of appealability.

17  **III.   CONCLUSION**

18      The Court notes that the parties made several arguments and cited several cases

19  not discussed above. The Court has reviewed these arguments and cases and determines

20  that they do not warrant discussion as they do not affect the outcome of the Motion.

21      It is therefore ordered that Robert Gene Rand's motion to vacate, set aside, or

22  correct his sentence under 28 U.S.C. § 2255 (ECF No. 821) is denied.

23      It is further ordered that a certificate of appealability is denied.

24  ///

25

26      [3]For these reasons, Mr. Rand violated 21 U.S.C. § 841(a), not just its implementing
    regulations. *See Ruan*, 597 U.S. at 454 ("the Government must prove beyond a
27  reasonable doubt that the defendant knew that he or she was acting in an unauthorized
    manner, or intended to do so"). To the extent necessary, the Court also therefore explicitly
28  rejects Mr. Rand's argument presented as Ground Three in his Motion. (ECF No. 821 at
    6-7.)

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies the Motion,[4] and close both this case and the corresponding civil case (Case No. 3:23-cv-00321-MMD).

DATED THIS 7th Day of December 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]The Court agrees with the government it should do this. (ECF No. 825 at 10 (citing *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018)).)